IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: WANDA SEARS, | ) | |
| | ) | CASE NO. 03-03328 |
| Debtor. | ) | |
| | ) | CHAPTER 7 |
| | ) | |

| | | |
|---|---|---|
| W. CLARKSON McDOW, JR., | ) | |
| UNITED STATES TRUSTEE | ) | |
| FOR REGION FOUR | ) | ADVERSARY PROCEEDING |
| Plaintiff, | ) | NO. 04-00015 |
| | ) | |
| v. | ) | |
| | ) | |
| WANDA P. SEARS, | ) | |
| Defendant. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Defendant's Motion to Compel Discovery which was heard on February 21, 2006. At the conclusion of that hearing, after receiving the arguments of counsel for the parties, the Court requested them to submit proposed orders resolving the Motion. Both of such tendered orders grant the Motion but in somewhat different terms. For the reasons noted below, the Court will enter the order proposed by the Plaintiff and decline the one offered by the Defendant.

FINDINGS OF FACT

This adversary proceeding seeks to bar the Debtor's Chapter 7 discharge on multiple grounds. The United States Trustee filed this complaint on February 17, 2004. A pre-

trial conference was held on April 5, 2004 and a pre-hearing order was entered the following day which set a discovery completion date of July 15, 2004 and a final pre-trial conference on July 26, 2004 for the purpose of setting a trial date. At that "final" pre-trial conference it was announced that the Debtor had decided to convert her case to Chapter 13 and as a result an order was entered on July 27, 2004 dismissing the complaint without prejudice but providing that it would be reinstated automatically should the Debtor's case later be converted back to Chapter 7. That is what occurred and on March 30, 2005 this proceeding was reopened.

On April 25 another pre-trial conference was held and an order was entered the next day which set a new discovery completion date of August 1, 2005 and a final pre-trial conference for August 8, 2005. On June 3, 2005 the United States Trustee filed an amended complaint, which was answered by the Defendant on July 7, 2005. On July 28 counsel for the Plaintiff filed a Motion to extend the discovery completion date. At the August 8 pre-trail conference this Motion was granted and a new discovery completion date of October 31, 2005 was set and a continued pre-trial conference for November 7, 2005. On October 27, 2005 counsel for the Plaintiff filed another Motion to extend the required completion of discovery until December 15, 2005. This request was likewise granted by order entered November 15, 2005, which extended the discovery completion date to the requested December 16 date and continued the pre-trial conference until January 23, 2006.

At that time counsel appeared and Debtor's counsel advised the Court that he had realized that morning during his preparation for the conference that certain answers to his interrogatories to the Plaintiff which he considered inadequate had never been supplemented. Counsel jointly requested the Court to continue yet again the pre-trial conference to February 21,

2006 so that counsel might seek to resolve their discovery disagreement. The Court granted this request; however, counsel did not resolve their differences and on February 13, 2006 counsel for the Defendant filed a Motion To Compel The United States Trustee To Answer Interrogatories with a supporting Memorandum and noticed the Motion for a hearing at the continued pre-trial conference on February 21. The United States Trustee did not file a written response to the Motion but appeared at the hearing and argued that his objection to the specified interrogatories seeking disclosure "of each and every fact" supporting his contentions against the Debtor were improper and burdensome.

The United States Trustee's amended complaint sets out five counts upon which the Debtor's discharge ought to be denied. Those counts may be summarized as follows:

1. Within one year of the date of filing the bankruptcy petition, the Debtor provided a deed of trust on her personal residence to a corporation owned by her fiancé with the intent to hinder, delay or defraud her creditors or the Trustee of the bankruptcy estate in violation of 11 U.S.C. § 727(a)(2) (Count One).

2. Debtor knowingly and fraudulently made false oaths in the case within the meaning of 11 U.S.C. § 727(a)(4) by certifying schedules to be true and correct to the best of the Debtor's knowledge, information and belief, when the schedules failed to accurately disclose income earned by the Debtor (Count Two) and monies held in bank accounts at the time the bankruptcy petition was filed.(Count Five).

3. The Debtor allegedly "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information" from which her financial condition or business transactions could be ascertained as indicated by her purported actions of presenting to the Trustee her 2002

3

and draft 2003 tax returns which "improperly and falsely claimed a reduction in income for rental real estate that she owned which resulted in a significant understatement" of her income in violation of 11 U.S.C. § 727(a)(3) (Count Three) and her "incomplete or misleading" responses to the Trustee's repeated requests for financial records and information, justifying denial of her discharge pursuant to 11 U.S.C. § 727(a)(3) or (a)(4) (Count Four).

The specific interrogatories to which the Debtor seeks to compel substantive answers and the United States Trustee's written objections to them are as follows:

> Interrogatory No. 6: Describe with specificity each and every fact upon which you rely to support your allegation that the defendant "knowingly and fraudulently made false oaths in this case," and identify each document supporting or related to each such fact.
>
> Answer: The United States Trustee objects to this interrogatory as overly broad, unduly burdensome, and vaguely phrased, and to the extent that it seeks information beyond the scope of discovery and/or protected from disclosure by law or privilege, including but not limited to the attorney-client privilege or work-product doctrine. We further object insofar as it seeks information that is protected by the Privacy Act, irrelevant to these proceedings, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Continuing and answering further, the United States Trustee premises his allegations upon the schedules and amended schedules filed in the underlying bankruptcy case; the testimony offered by the defendant at her various § 341 meeting of creditors, her 2004 examination and her various deposition testimonies; the testimony offered or to be offered by third parties with regard to the various transactions described in the United States Trustee's complaint; documents produced by the defendant to the United States Trustee; documents received or to be received in response to subpoenas; and, various financial records received from many sources which include but are not limited to Valley Bank, Member One Federal Credit Union, H. Beck and Allianz. Discovery in this case is ongoing, therefore, the United States Trustee specifically reserves the right to supplement his response to this request.

Continuing and answering further, the debtor's testimony and schedules filed in this matter cannot be reconciled with the financial information provided by the debtor and third parties regarding the debtor.

Interrogatory No. 7: Describe with specificity each and every fact upon which you rely to support your allegation that the defendant's schedules failed to accurately disclose income actually earned by her, and identify each document supporting or related to each such fact.

Answer: The United States Trustee objects to this interrogatory as overly broad, unduly burdensome, and vaguely phrased, and to the extent that it seeks information beyond the scope of discovery and/or protected from disclosure by law or privilege, including but not limited to the attorney-client privilege or work-product doctrine. We further object insofar as it seeks information that is protected by the Privacy Act, irrelevant to these proceedings, and not reasonably calculated to lead to the discovery of admissible evidence.

Continuing and answering further, the United States Trustee premises his allegations upon the schedules and amended schedules filed in the underlying bankruptcy case; the testimony offered by the defendant at her various § 341 meeting of creditors, her 2004 examination and her various deposition testimonies; the testimony offered or to be offered by third parties with regard to the various transactions described in the United States Trustee's complaint; documents produced by the defendant to the United States Trustee; documents received or to be received in response to subpoenas; and, various financial records received from many sources which include but are not limited to Valley Bank, Member One Federal Credit Union, H. Beck and Allianz. Discovery in this case is ongoing, therefore, the United States Trustee specifically reserves the right to supplement his response to this request. At this time, it would appear that the debtor omitted certain payments received by her and certain accounts held by her and deliberately misrepresented her income.

Interrogatory No. 8: Describe with specificity each and every fact upon which you rely to support your allegation that the "defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers," from which her financial condition or business transactions might be ascertained, and identify each document supporting or related to each such fact.

Answer: The United States Trustee objects to this interrogatory as overly broad, unduly burdensome, and vaguely phrased, and to the extent that it seeks information beyond the scope of discovery and/or protected from disclosure by law or privilege, including but not limited to the attorney-client privilege or work-product doctrine. We further object insofar as it seeks information that is protected by the Privacy Act, irrelevant to these proceedings, and not reasonably calculated to lead to the discovery of admissible evidence.

Answering further, the United States Trustee will agree to a mutual exchange of witness and exhibit lists at a time to be agreed upon by the parties.

Continuing and answering further, the United States Trustee premises his allegations upon the schedules and amended schedules filed in the underlying bankruptcy case; the testimony offered by the defendant at her various § 341 meeting of creditors, her 2004 examination and her various deposition testimonies; the testimony offered or to be offered by third parties with regard to the various transactions described in the United States Trustee's complaint; documents produced by the defendant to the United States Trustee; documents received or to be received in response to subpoenas; and, various financial records received from many sources which include but are not limited to Valley Bank, Member One Federal Credit Union, H. Beck and Allianz. Discovery in this case is ongoing, therefore, the United States Trustee specifically reserves the right to supplement his response to this request. Finally, the defendant has stated that she is unable to produce various financial documents in responses to inquiries from both the U.S. Trustee and the Chapter 13 trustee. The debtor's failure to produce such documentation constitutes "an inability to keep or maintain financial records from which her financial condition might be maintained."

Interrogatory No. 9: Describe with specificity each and every fact upon which you rely to support your allegation that the defendant's responses to the Chapter 13 trustee's requests for information were incomplete or misleading, and identify each document supporting or related to each such fact.

Answer: The United States Trustee objects to this interrogatory as overly broad, unduly burdensome, and vaguely phrased, and to the extent that it seeks information beyond the scope of discovery and/or protected from disclosure by law or privilege, including but not limited to the attorney-client privilege or work-product doctrine. We further object insofar as it seeks information that is protected by the Privacy Act, irrelevant to these

6

> proceedings, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Answering further, the United States Trustee will agree to a mutual exchange of witness and exhibit lists at a time to be agreed upon by the parties.
>
> Continuing and answering further, the United States Trustee premises his allegations upon the schedules and amended schedules filed in the underlying bankruptcy case; the testimony offered by the defendant at her various § 341 meeting of creditors, her 2004 examination and her various deposition testimonies; the testimony offered or to be offered by third parties with regard to the various transactions described in the United States Trustee's complaint; documents produced by the defendant to the United States Trustee; documents received or to be received in response to subpoenas; and, various financial records received from many sources which include but are not limited to Valley Bank, Member One Federal Credit Union, H. Beck and Allianz. Discovery in this case is ongoing, therefore, the United States Trustee specifically reserves the right to supplement his response to this request. At this time, it would appear that the debtor omitted certain payments received by her, certain sources of income and certain accounts held by her and deliberately misrepresented her income.

(Def.'s Mot. to Compel Ex. B at 7-11.) These interrogatories were propounded on October 4, 2005 and the United States Trustee's objections to them were served on November 17, 2005. The docket does not reflect any prior motion by the Debtor to compel answers to the subject interrogatories and counsel has made no representation that he sent any letter or other communication of protest to Plaintiff's counsel concerning the objected-to interrogatories prior to his letter dated January 23, 2006, to which counsel for the United States Trustee responded on February 6, 2006 and relied upon the objections previously filed.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Objections to discharge are "core" bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2)(J).

Federal Rule of Bankruptcy Procedure 7026, which incorporates Federal Rule of Civil Procedure 26 and which is applicable to the conduct of adversary proceedings[1], provides in general terms that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the claim or defense of any party."[2] Bankruptcy Rule 7033, incorporating Federal Rule 33, provides for discovery by means of interrogatories, which "may relate to any matters which can be inquired into under Rule 26(b)(1)" and "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."[3] Bankruptcy Rule 7009, incorporates Federal Rule 9, which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity", but "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."[4] While the specific matter before the Court concerns a discovery dispute, the subject matter of this proceeding is the Debtor's alleged fraud in various forms which should bar her discharge. Accordingly, the Court concludes that the

---

[1] Fed. R. Bankr. P. 7001.

[2] Fed. R. Civ. P. 26(b)(1).

[3] Fed. R. Civ. P. 33(c).

[4] Fed. R. Civ. P. 9(b).

principles governing the Plaintiff's pleading obligations as to purported fraud are quite relevant in analyzing his discovery responsibilities relating to the specific claims of wrongdoing being made and which facts are relied upon by him to establish such fraud.

To make an accusation of fraud or of actions taken with a fraudulent intent is a serious matter, especially to the one who has been accused of such conduct. For that reason there is a long tradition in the law that such claims should be advanced with sufficient particularity that the one so accused can know specifically what he or she is alleged to have done and thereby have ample opportunity to prepare a proper defense, if warranted, to such charges. This principle is applicable at the pleading stage, that is to say, at the beginning of the case. It states only the obvious to observe that such principle is even more compelling at the end of the discovery process and at the point of actual trial preparation. The general philosophy of the discovery regime now in effect in the federal courts is that one should be able to obtain prior to trial a clear understanding of what the other side's case is about so that the parties can be prepared to produce all relevant evidence concerning the issues to be raised at trial.

Reviewing the issues raised in the amended complaint in this proceeding, it may be observed that Count One, which alleges that a deed of trust was granted by the Debtor to a friendly party with the intent to hinder, delay or defraud her creditors or the trustee of her bankruptcy estate makes a specific claim about precisely the transaction being relied upon by the United States Trustee. Usually an intent to hinder, delay or defraud creditors is not proved by direct evidence of admissions of the parties themselves but by circumstantial evidence and facts which may create "badges of fraud". The Court concludes that the Debtor is entitled to know not only the specific transfer being challenged, but also those facts relied upon by the United States

Trustee, whether in the nature of statements allegedly made by the Debtor or the transferee about the reason or reasons for such transfer, or those facts circumstantially tending to establish the Debtor's reasons and state of mind in connection with such transfer.

With respect to Counts Two and Five dealing with alleged false oaths concerning understatement of actual income and undisclosed petition date bank account balances, the Court concludes that the Debtor is entitled to know precisely what income is claimed to have been misrepresented and what facts are relied upon by the United States Trustee, whether in the nature of direct or circumstantial, which tend to prove its inaccuracy and the Debtor's intent in failing to disclose the correct amounts. In a similar vein the Court believes that the Debtor is clearly entitled to know specifically what undisclosed bank accounts and balances are claimed to have existed at the filing date and any facts known by the United States Trustee which tend to establish whether such omissions were innocent and inadvertent in nature or were conversely made intentionally and with a nefarious intent.

Counts Three and Four dealing with concealed, falsified, destroyed or non-existent financial records from which the Debtor's financial condition or business transactions might be determined are the most general in nature. The Court concludes that the Debtor is clearly entitled to know what facts the United States Trustee believes to exist which would tend to establish these general allegations. More specifically, the Debtor is entitled to know precisely what deduction from rental income is perceived to have been improper and what the correct facts are alleged to be. Similarly, the Debtor is entitled to know in what respect her responses to the Trustee's interrogatories are deemed to be "incomplete or misleading" and what facts there are which support that allegation. Certainly by this point in the case, the United States Trustee should be

able to articulate clearly and definitely the substance of the claims being made against the Debtor. The Debtor is entitled to know these facts relied upon by the Plaintiff not only to assist in her preparation for trial, but to enable her to file motions for summary judgment as to any counts which after discovery is over do not have sufficient evidence supporting them to justify a trial.

The Court has declined the Debtor's proposed order, a copy of which is annexed to this opinion as an exhibit, for two principal reasons. First, it is difficult to say that an objection that a particular interrogatory is "burdensome" is only rarely subject to a determination of being "improper as a matter of law". Second, the Court agrees that the obligation is to disclose all "material" facts relied upon by the Plaintiff. The defendant is entitled to know the substance of the case being asserted against him or her, not a pre-screening of the plaintiff's case. It is only rarely that the facts actually established at trial mirror the attorneys' expectations before trial. The use of the term "each and every" is somewhat argumentative in nature; disclosure of all "material" facts is sufficient. The Court observes that the plaintiff would be in a weak position to argue to the court that some particular fact should be entitled to significant weight at trail if it had not been considered "material" for disclosure purposes before trial.

As authority for its conclusions and decision in this matter, the Court relies upon the language of the Rules themselves as well as the following case and treatise authorities: *IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 322-23 (D. Kan. 1998); *McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 450 (D. Conn. 1996); *B-H Transportation Co. v. Great Atlantic & Pacific Tea Co.,* 44 F.R.D. 436, 438-39 (N.D. N.Y. 1968); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2167, at 250-51 (2d ed. 1994 & Supp. 2004).

For the foregoing reasons the Court will grant the Defendant's Motion to Compel and enter the proposed order tendered by counsel for the Plaintiff.

This 3rd day of March, 2006.

*William F. Stone, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WANDA SEARS, | ) | Case No. 03-03328-WSR-7 |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| W. CLARKSON McDOW, JR., | ) | |
| UNITED STATES TRUSTEE | ) | |
| FOR REGION FOUR, | ) | |
| | ) | |
|     Plaintiff, | ) | Adversary Proceeding No. 04-00015 |
| | ) | |
| v. | ) | |
| | ) | |
| WANDA P. SEARS, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

THIS MATTER came before the Court on defendant Wanda P. Sears' ("Debtor") Motion to Compel the U.S. Trustee to Answer Interrogatories, in which the Debtor, by counsel, has asked the Court to order the U.S. Trustee to identify specific facts upon which he relies to support his allegations against the Debtor. The Court has reviewed the memorandum that accompanied the Debtor's Motion, as well as the Debtor's original interrogatories dated October 4, 2005, the U.S. Trustee's objections and responses thereto, and written communications between counsel for the parties regarding this issue. Upon due consideration of the record, the arguments of counsel made in open court and the applicable law and rules of discovery, the Court hereby makes the following findings:

1

1.  That the U.S. Trustee's objections to the Debtor's interrogatory numbers 6, 7, 8 and 9 are improper as a matter of law. The interrogatories are not overly broad, unduly burdensome or vaguely phrased.

2.  That the U.S. Trustee's answers to the Debtor's interrogatory numbers 6, 7, 8 and 9 are improper as a matter of law because the answers are evasive and incomplete.

It is accordingly hereby

ORDERED

That the Debtor's Motion to Compel the U.S. Trustee to Answer Interrogatories is hereby sustained. The U.S. Trustee shall provide complete answers to the Debtor's interrogatory numbers 6, 7, 8 and 9 by identifying the following:

a.  each and every fact upon which the U.S. Trustee relies to support his allegation that the Debtor made a transfer of equity through the deed of trust with the intent to hinder, delay or defraud the Debtor's creditors or the trustee of the bankruptcy estate;

b.  each and every fact upon which the U.S. Trustee relies to support his allegation that the Debtor's schedules failed to accurately disclose income actually earned by her;

c.  each and every fact upon which the U.S. Trustee relies to support his allegation that the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which her financial condition or business transactions might be ascertained; and

d.  each and every fact upon which the U.S. Trustee relies to support his allegation that the Debtor's responses to the chapter 13 Trustee's requests for information were incomplete or misleading.

2

In his complete answers to the foregoing, the U.S. Trustee shall provide all information, not privileged, that supports the allegations that are repeated in each of the respective interrogatories, including as a minimum the following information:

a.  those instances in which the Debtor's testimony and schedules cannot be reconciled with the financial information provided by the Debtor and third parties regarding the Debtor;

b.  those payments received by the Debtor and those accounts held by her that were allegedly omitted, and those instances in which she allegedly deliberately misrepresented her income; and

c.  those "various financial documents" that the Debtor has allegedly been unable to produce, such that her failure allegedly constitutes an inability to keep or maintain financial records from which her financial condition ascertained.

And it is further ORDERED that in his answer to each interrogatory, the U.S. Trustee shall identify those documents that support or are related to the facts identified therein.

And it is further ORDERED that the U.S. Trustee shall provide his complete answers to the interrogatories no later than 4:30 p.m. on March 30, 2006.

A copy of this Order shall be served on Patrick T. Fennell, counsel for the Debtor, who shall serve copies thereof in accordance with the Local Rules.

ENTER, this _____ day of _____, 2006.

_____
United States Bankruptcy Judge

3

4

I ask for this:

/s/Patrick T. Fennell
Andrew S. Goldstein, Esq. (VSB #28421)
Patrick T. Fennell, Esq. (VSB #40393)
Counsel for Wanda Sears
MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C.
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898


Seen and objected to:


_____
Margaret K. Garber, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Telephone: 540/857-2829
Facsimile: 540/857-2844